Green, J.
delivered the opinion of the court.
The bill alleges that, many years ago, Woolsey Warring-ton, the grandfather of the complainants, Joana McDougal and Caroline Myranda Hill, (formerly Caroline and Myran-da Gee, the daughters of Thomas and Polly Gee,) made his last will and testament, wherein he devised to his wife, Joana Warrington, as follows: “To have the benefit and use of two negro girls, Edy and Cate, so long as she lives, and after her death, I will and bequeath to my grand-daughters, Joana and Caroline Myranda Gee, daughters of Thomas Gee, the before mentioned negro girl, Cate, and her increase, though their mother, Polly Gee, to have the use of the said negro girl so .long as she lives.”
Joana Warrington, the grandmother of the complainants, about the year 1837, put in the possession of Thomas and Polly Gee, (the parents of the complainants,) a negro girl, Esther, a daughter of Cate, mentioned in the will of their grandfather. The said girl, Esther, remained in the posses *429 sion of Thomas Gee, until June, 1845, when she was seized by virtue of an execution against him, and sold by the constable to the defendant, Armstrong, for fifty dollars.
The bill prays that the defendant be compelled to deliver up the girl Esther, or to give security for her forthcoming at the death of Mrs. Warrington. The devise to Mrs. War-rington of the girls Edy and Cate, for her life, gave her a l'ight also to their increase during her life. The loan of Esther to Polly Gee, and the possession of said slaves by Tho’s Gee, from 1837 to 1843, (more than five years,) said loan not having been declared in writing and recorded, as required in the act of 1801, vested in the said Thomas Gee, for the benefit of his creditors, the title to said girl for the life of Mrs. Warrington. The purchaser, therefore, at execution sale, acquired an estate in said girl during the life of Mrs. War-rington; and at her death the complainants, Joana McDou-gal and Caroline Myranda Hill, are entitled to the remainder in said slave.
Where there are reasons to apprehend that a remainder in slaves will be defeated, or its value impaired by the misconduct of the owner of the particular estate, a court of chancery will interpose for the protection of the rights of the remainderman.
This negro has been seized and sold by the officer, as the property of Thomas Gee, and the purchaser claims the entire interest in her. This sale of the entire interest, when the life estate was alone liable, and claim now set up by the defendant, are acts inconsistent with rights of the complainants, and afford just grounds to apprehend that other acts may be done to defeat or impair the value of their remainder.
We think, therefore, the defendant ought to be required to give the security prayed for in the bill.
Affirm the decree.